UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| AMELIA LOMBERT, individually,<br>a citizen of the State of Florida.<br>Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES,<br>a corporate entity of the State of Texas.<br>Defendant. | CASE NO.: |

## **AMENDED COMPLAINT**

COMES NOW, Plaintiff, AMELIA LOMBERT (hereinafter "The Plaintiff"), by and through undersigned counsel, and pursuant to Rule 3(4) of the Federal Rules of Civil Procedure, hereby files this Complaint against Defendant, AMERICAN AIRLINES (herein after "The Defendant"), for damages. In support thereof, Plaintiff alleges, and states as follows:

### **INTRODUCTION**

1. This is an action brought by Plaintiff, AMELIA LOMBERT, who was injured as a result of accident on board of the Defendant's aircraft in Miami, Florida on July 31, 2019.

2. Defendant failed to inspect its aircraft fixtures, provide warning, or notice of dangers or hazards, and provide safety measures for its passengers to safely board and situate at the seats of the Defendant's aircraft.

1

## JURISDICTION and VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorney fees, and is between parties of different states.

4. This case is instituted in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §1391 as the judicial district in which all relevant events and omissions occurred.

5. The Defendant committed a tortious act (aircraft negligence) in Miami-Dade County, Florida, which has subjected it to the jurisdiction of this Court pursuant to Florida Statute 48.193(1)(a)(2).

## PARTIES

6. At all times relevant hereto, Plaintiff, AMELIA LOMBERT, is a citizen of the State of Florida.

7. At all times relevant hereto, Defendant, AMERICAN AIRLINES, is a Texas entity incorporated in Texas and is authorized doing business in the State of Florida.

## GNENERAL ALLEGATIONS

8. On July 31, 2019, the Plaintiff, AMELIA LOMBERT, boarded an AMERICAN AIRLINES aircraft, flight 3941 in Miami, Florida at 10:07 a.m. with a destination to Charleston, South Carolina.

9. At all times material, the Defendant, AMERICAN AIRLINES, operated, or possessed or managed and/or controlled the aircraft in commerce.

10. The Plaintiff was accompanied by her mother and her ninety-five-year-old mother-in-law.

11. The Plaintiff is the primary caregiver for her mother-in-law given her advanced age and condition of Alzheimer and thus, responsible to ensure that her mother-in-law was properly situated in the front row of the airplane before Plaintiff took her seat.

12. After accommodating her mother and attempting to go back to her seat, she tripped over a raised area (hereinafter "hazard") on the floor of the aircraft. Said raised area was concealed by the floor carpet. There was no warning or other indication that the said hazard should have been there.

13. The fall caused her to land in a position that injured her neck and spine causing her to lose consciousness.

14. After regaining consciousness, the Plaintiff began to stand up slowly holding both hands behind the back of her head, trying to get to her seat at the back of the airplane.

15. A male flight attendant came to the Plaintiff and gave her water and assigned her a new seat at the front of the plane near her mother and mother-in-law. The male flight attendant asked the Plaintiff for her name and her passport.

16. As a result of her fall in the aircraft, the Plaintiff developed anxiety, episodes of dizziness, vertigo, depression, panic attacks, and headaches. The Plaintiff was treated for cervical radiculopathy, and lumbar radiculopathy with Carrie Landess, MD, PA. For treatment, the Plaintiff was prescribed Escitalopram Oxalate, Gabapentin, Naproxen, Rizatriptan Benzoate, and Tizanidine HCI. This medication, however, is causing the Plaintiff to suffer panic attacks and hallucinations that are not allowing her to carry on with normal every-day activities.

17. Following the recommendation from her primary physician, a Magnetic Resonance Imaging (MRI) exam was done. The MRI showed a bulging annular mild sac

compression, and abnormal result from a normal lumbar sacral spine, as well as a moderate degenerative disease on C5-C6 discs with disc space narrowing and osteophytes with mild anterior angulation resulting in moderate sac compression and cord compression.

18. The Plaintiff sought a consultation with two different hospitals in Miami which recommended her to undergo surgery to correct the issues of her cervical spine and neck. However, the doctors were not able to reassure the Plaintiff that the surgery would correct and alleviate the Plaintiff's pain completely, leaving the Plaintiff in constant pain, increasing in more expenses with psychiatric medication that affects her life.

19. As a direct result of her injury while a passenger on AMERICAN AIRLINES flight 3941, the Plaintiff's life has changed drastically. The Plaintiff has developed excruciating pain. One of her legs is not functioning properly. The Plaintiff is also unable to drive or follow a daily routine schedule.

## **COUNT I- AIRCRAFT NEGLIGENCE**

20. Plaintiff reaffirms and realleges paragraphs 1 through 19.
21. That on the same time and place, the Defendant, AMERICAN AIRLINES, was operating a commercial aircraft where the accident occurred in Miami-Dade County, Florida.
22. That on the same time and place, the Defendant, AMERICAN AIRLINES, owed a duty to the Plaintiff and all others on the board of its airplane to safely situate at the seats in its aircraft.
23. That at the same time and place, the Defendant, AMERICAN AIRLINES, breached its duty owed to the Plaintiff by allowing an unsafe condition to exist in an area

used by passengers, failing to adequately warn Plaintiff of the dangers associated with hazard on board, negligently designing the aircraft fixtures in a manner that allowed a tripping hazard in an area traversed by passengers; engaging in a negligent mode of operation that failed to properly protect its passengers from dangerous conditions, such as tripping hazards, and failing to give warning or take reasonable measures to prevent passengers from falling over the hazard having the same color as the carpet, which makes the hazard invisible for the passengers.

24. The previously described conditions were known to the Defendant or had existed for a sufficient period so that the Defendant would have discovered them in exercise of due care.

25. That on the same date and time of the above mentioned and as a direct and proximate cause of the Defendant AMERICAN AIRLINE's breach of duty, Plaintiff has been caused to suffer damages, to wit: permanent disabling injuries; has suffered severe bodily injury and resulting pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, loss of consortium, expense of medical treatment, loss of earnings, including future earnings, and/or aggravation of a previously existing condition. The losses are either permanent or continuing for Plaintiff. The Plaintiff is entitled to applicable medical expenses and loss gross income and earning capacity not payable under any personal injury protection coverage, actual and consequential damages.

## **PRAYERS FOR RELIEF**

**WHEREFORE,** the fact that American Airlines continues to operate outdated aircraft that still manages to keep hazards that blend in with the color of the carpet floor, not visible to passengers, is contrary to every reasonable duty a commercial carrier should

take in order to transport passengers safely. The Defendant's actions motivate the filing of this suit and praying this Court to accept our personal injury claims, enter judgment for the Plaintiff, grant reasonable compensation to the Plaintiff to continue improving her health, damaged as a result of this unfortunate accident and the Defendant's negligence. Plaintiff prays that this Court and adjudicates against the Defendant and grants:

A. compensatory and consequential damages, including damages, loss of enjoyment of life, and other pain and suffering at an amount to be determined at trial;

B. economic losses on all claims allowed by law;

C. special damages in an amount to be determined at trial;

E. pre- and post-judgment interest at the lawful rate and;

F. any further relief mentioned herein and that this Court deems just and proper, and any other appropriate relief at law and equity.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues triable by jury.

Respectfully submitted,

| | |
|---|---|
| */S/ Derrick Morales* | */S/ Nidia Borge* |
| Derrick C. Morales | Nidia Borge, Esq. |
| Attorney for Plaintiff | Attorney for Plaintiff |
| Florida Bar Number: 117161 | Florida Bar Number: 1010348 |
| 13499 Biscayne Blvd. Suite 107 | 13499 Biscayne Blvd. Suite 107 |
| North Miami, FL | North Miami, Florida 33181 |
| Phone: (786) 440-9383 | Phone: (305) 846-9932 |
| Fax: (786) 288-3816 | Fax: (305) 850-7773 |
| Email: dcm@dcmoraleslaw.com | E-Mail: nidiaborge@borgelawfirmpa.com |

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY a true and correct copy of the foregoing was served to Florida Registered Agent, American Airlines, Inc.,1200 South Pine Island Road, Plantation, Florida 33324 by U.S. Mail on the date of service.

/**S**/ *Nidia Borge*
Nidia Borge, Esq.
Attorney for Plaintiff